## United States District Court
## District of Massachusetts

```
_____
                               )
Raheem Rashed Abubardar,       )
                               )
          Plaintiff,           )
                               )
     v.                        )     Civil Action No.
                               )     20-11590-NMG
William Gross and Ismael       )
Henriquez,                     )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from the arrest of plaintiff Raheem Rashed Abubardar ("Abubardar" or "plaintiff") by Boston Police Detective Ishmael Henriquez ("Henriquez") for his alleged failure to provide notice of a change of address in violation of M.G.L. c. 6, § 178H.  In December, 2019, Plaintiff filed a complaint against Henriquez and Boston Police Commissioner William Gross ("Commissioner Gross") (collectively, "defendants") in Massachusetts Superior Court, alleging that defendants subjected him to false arrest and malicious prosecution, thereby violating his constitutional rights and also intentional infliction of emotional distress.  He filed his First Amended Complaint ("FAC") in July, 2020, whereupon

- 1 -

defendants removed the action to this Court pursuant to 28
U.S.C. §§ 1331 and 1441(c).

Pending before the Court is defendants' motion to dismiss
the claims against Commissioner Gross and to dismiss the FAC for
failure to state a claim.  For the reasons that follow, that
motion will be allowed, in part, and denied, in part.

## I.  __Background__

Abubardar is a level three sex offender and was required to
register as such with the Boston Police Department pursuant to
M.G.L. c. 6, §§ 178C-178Q ("the Sex Offender Registration
Laws").  In October, 2018, Abubardar completed the required
annual registration forms and identified his primary address as
724 Shawmut Avenue in Roxbury, Massachusetts and his secondary
address as 9 Joseph Street in Dorchester, Massachusetts.
Plaintiff indicated that the latter address was temporary "due
to being shot in both legs."

In March, 2019, defendant Henriquez applied for and
obtained a criminal complaint against Abubardar for failure to
register as a sex offender.  The complaint noted that an address
audit conducted by detectives had led them to believe that
plaintiff failed to notify the Boston Police Department of a
change in his primary address.  Notably, Henriquez neither

appended the registration forms to the complaint nor indicated that Abubardar had provided two addresses on those forms.

Shortly thereafter, a warrant was issued for plaintiff's arrest and Abubardar was arrested on March 27, 2019.  In December, 2019, the government issued a nolle prosequi indicating it would no longer prosecute the charge against plaintiff because it was unable to meet its burden at trial.

Abubardar contends that he was residing at his secondary address at the time of the address audit and that Henriquez and other officers failed to investigate whether he was present at that address.  He alleges that he complied with the Sex Offender Registration Laws and never abandoned the residence listed as his primary address.

In the FAC, Abubardar asserts six counts against defendants: false arrest in violation of 42 U.S.C. § 1983 and Massachusetts law (Counts I and IV); malicious prosecution in violation of 42 U.S.C. § 1983 and Massachusetts law (Counts II and V); failure to investigate properly in violation of 42 U.S.C. § 1983 (Count III); and intentional infliction of emotional distress (Count VI).

Defendants filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) in September, 2020, which plaintiff timely opposed.

## II.   <u>**Motion to Dismiss**</u>

As an initial matter, the parties have agreed to dismiss Commissioner Gross from this action.  Accordingly, all claims against Commissioner Gross will be dismissed.

Henriquez contends that the FAC must be dismissed due to Abubardar's failure to state a claim upon which relief can be granted.  To the extent that plaintiff has stated plausible claims, Henriquez asserts that he is entitled to qualified and common law immunity from liability on all counts.

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. <u>Haley</u> v. <u>City of Boston</u>, 657 F.3d 39, 46 (1st
Cir. 2011).  A court also may not disregard properly pled
factual allegations even if actual proof of those facts is
improbable. <u>Ocasio-Hernandez</u>, 640 F.3d at 12.  Rather, the
relevant inquiry focuses on the reasonableness of the inference
of liability that the plaintiff is asking the court to draw. <u>Id.</u>
at 13.

**B. Section 1983 Claims (Counts I-III)**

To bring suit against a government official pursuant to 42
U.S.C. § 1983,

> it is enough to show that the official, acting under color
> of state law, caused the deprivation of a federal right.

<u>Burke</u> v. <u>Town of Walpole</u>, 405 F.3d 66, 76 (1st Cir. 2005).
Abubardar asserts that Henriquez violated his constitutional
rights under the Fourth and Fourteenth Amendments of the United
States Constitution by 1) causing his arrest without probable
cause, 2) causing the commencement of his criminal prosecution
without probable cause and 3) failing to investigate properly
the purported crime that led to his arrest and subsequent
prosecution.[1]

---

[1] Although plaintiff brings his malicious prosecution claim under
both the Fourth and Fourteenth Amendments, it is actionable
under only the Fourth Amendment. <u>See</u> <u>Calero-Colon</u> v. <u>Betancourt-
Lebron</u>, 68 F.3d 1, 3 n.7 (1st Cir. 1995).

Henriquez submits that Abubardar's constitutional rights were not violated and, even if the allegations in the FAC are sufficient to state a claim for such a violation, he is entitled to qualified immunity because plaintiff's claimed constitutional rights were not clearly established.

To determine whether Henriquez is entitled to qualified immunity, the Court must assess

> (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation. . . . The second prong, in turn, has two parts: (a) whether the legal contours of the right in question were sufficiently clear that a reasonable official would have understood that what he was doing violated that right, and (b) whether the particular factual violation in question would have been clear to a reasonable official.

Díaz-Bigio v. Santini, 652 F.3d 45, 50 (1st Cir. 2011) (internal citations omitted).

At the motion to dismiss stage,

> it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'

Higgins v. Town of Concord, 246 F. Supp. 3d 502, 516 (D. Mass. 2017) (emphasis in original) (quoting Behrens v. Pelletier, 516 U.S. 299, 309 (1996)).  Because it is not always possible to determine whether a defendant is entitled to qualified immunity prior to discovery, courts often evaluate such a defense at the summary judgment stage. Id.  The rejection of a qualified

immunity defense at the motion to dismiss stage does not preclude a party from reasserting the defense after further factual development. Id.

### 1. Deprivation of a Constitutional Right

Determining whether Abubardar has stated plausible claims for false arrest, malicious prosecution and failure to investigate bears a close relationship to the first step of the qualified immunity analysis. Accordingly, this Court will analyze both at the same time.

Under the Fourth Amendment, an individual enjoys the right to be free from unreasonable seizures, which means that an arrest must be supported by probable cause. See Parks v. Town of Leicester, No. 10-30120-FDS, 2012 U.S. Dist. LEXIS 78973, at *11 (D. Mass. June 7, 2012). That protection "does not end when an arrestee becomes held pursuant to legal process" and therefore extends to malicious prosecution following an unreasonable seizure. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 98-100 (1st Cir. 2013). To state a claim under § 1983 for malicious prosecution, a plaintiff must allege that

> the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.

Bertram v. Viglas, No. 19-11298-LTS, 2020 U.S. Dist. LEXIS 67323, at *13 (D. Mass. Apr. 16, 2020) (quoting Hernandez-Cuevas, 723 F.3d at 101).

With respect to Count III, the First Circuit has recognized that a duty to investigate may arise in certain circumstances even when an officer has obtained facts that would otherwise be sufficient to establish probable cause. See Chapman v. Finnegan, 950 F. Supp. 2d 285, 296 (D. Mass. 2013).  To show that Henriquez was obligated to conduct further inquiry under the present circumstances, plaintiff must allege that the information known to Henriquez gave him "an obvious reason to doubt" that Abubardar had violated the Sex Offender Registration Laws such that his failure to conduct an additional inquiry "evinced a reckless disregard for the truth." United States v. Tanguay, 787 F.3d 44, 53-54 (1st Cir. 2015).

It is undisputed that the FAC contains allegations that Henriquez caused Abubardar to be arrested and that criminal proceedings terminated in plaintiff's favor.  Therefore, the plausibility of all three federal claims turns on whether Abubardar has sufficiently alleged that Henriquez lacked probable cause for his arrest and subsequent prosecution.

A finding of probable cause by a magistrate judge may violate the Fourth Amendment if the officer seeking the arrest

warrant made an "intentional or reckless omission of material exculpatory facts" from the information presented to the magistrate. Burke, 405 F.3d at 81 (1st Cir. 2005) (internal quotation marks omitted).  Recklessness may be inferred where "the omitted information was critical to the probable cause determination." Id. at 82.

Henriquez contends that he had probable cause to believe that Abubardar failed to provide notice of a change of address in violation of M.G.L. c. 6, § 178H and that the existence of a registered secondary address does not negate the evidence supporting such probable cause.

Under the Sex Offender Registration Laws, sex offenders are required to provide certain information to local officials including their home address and any secondary addresses. See Commonwealth v. Kateley, 461 Mass. 575, 576 (2012).  Offenders must also provide "notice of a change of address," M.G.L. c. 6, § 178H, but are otherwise "free to live where they choose and to move freely within and without the Commonwealth." Doe v. Police Comm'r of Boston, 460 Mass. 342, 347 (2011).

Henriquez assumes that Abubardar abandoned his primary residence at 724 Shawmut Avenue but the allegations in the FAC, which this Court accepts as true, contradict that assumption. Plaintiff alleges that he executed the required registration

forms and otherwise complied with the Sex Offender Registration
Laws, including the requirement to provide notice of any change
of address, and that he was innocent of the misconduct with
which he was charged.  He contends that he was residing at his
secondary address at the time Henriquez conducted the address
audit and asserts that he maintained 724 Shawmut Avenue as his
primary residence at all relevant times.

Based upon the allegations in the FAC, plaintiff makes a
compelling argument that Henriquez omitted key information that
may have affected the magistrate's probable cause determination.
Henriquez does not mention the registered secondary address to
the magistrate judge or his failure to investigate that address
even though he was in possession of such pertinent information
that may well have exonerated plaintiff.  As indicated above,
Abubardar was free to travel throughout the Commonwealth and the
fact that he was not residing at his primary address at the time
of the address audit is not proof that he violated the Sex
Offender Registration Laws.

Even if it were certain that Abubardar had unlawfully
failed to provide notice of a change of address, Henriquez still
lacked probable cause to arrest and prosecute plaintiff on other
theories of liability under M.G.L. c. 6, § 178H.  The narrative
written by Henriquez in support of the criminal complaint

against Abubardar, which is provided verbatim in the FAC, states that Abubardar was liable for all four kinds of criminal liability under § 178H, including failure to register as a sex offender in the first instance.  Henriquez does not contend for the purpose of the instant motion, however, that plaintiff failed to register as a sex offender and Abubardar clearly alleges that he executed the proper forms in October, 2018 and that he complied with the Sex Offender Registration Laws.

Accordingly, it is evident that plaintiff has alleged that Henriquez lacked probable cause to seek his arrest and prosecution for at least some of the purported violations of § 178H and, therefore, Abubardar has stated claims under § 1983 for false arrest, malicious prosecution and failure to investigate.  As to the first prong of the qualified immunity analysis, the facts alleged by plaintiff are sufficient to determine, if proved, that Henriquez violated Abubardar's Fourth Amendment rights.

### 2. Clearly Established Law

The second prong of the qualified immunity analysis "focuses on whether [an] officer had fair notice that [his] conduct was unlawful." Burke, 405 F.3d at 85 (internal citation omitted).  Henriquez contends that the Sex Offender Registration Laws do not clearly define what it means to "fail[] to provide

notice of a change of address," M.G.L. c. 6, § 178H, and that it was reasonable for him to infer that plaintiff had violated the statute by no longer residing at his primary address.

That argument addresses the second rather than the first part of the clearly established analysis.  First, this Court finds that the legal contours of plaintiff's Fourth Amendment rights were clearly established at the time of his arrest in March, 2019.  The rule against arrests without probable cause is well-established in this Circuit and elsewhere. See Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  The First Circuit expressly extended the Fourth Amendment protection against seizure without probable cause to malicious prosecution in 2013. See Hernandez-Cuevas, 723 F.3d at 98-100.  Moreover, the duty to undertake further investigation when faced with reason to doubt information supporting probable cause has been established for nearly as long. See Tanguay, 787 F.3d at 53-54.  Accordingly, a reasonable official would have understood that arresting and prosecuting an individual without probable cause, or an investigation that may vitiate probable cause, would be in violation of that individual's Fourth Amendment rights.

This Court also finds that the particular factual violation in question would have been clear to a reasonable official.

Assuming _arguendo_ that reasonable officials could dispute whether Abubardar failed to provide notice of a change of address, it is undisputed that he did register as a sex offender even though Henriquez stated that he failed to do so when applying for the criminal complaint.  Because Henriquez was allegedly in possession of Abubardar's valid sex offender registration forms, it would have been clear to a reasonable official that seeking the arrest and prosecution of plaintiff for all theories of liability under § 178H violated his rights under the circumstances.

As plaintiff concedes, Henriquez may be able to assert a successful qualified immunity defense after further facts are uncovered by discovery.  At this stage, however, Henriquez is not entitled to qualified immunity and dismissal of plaintiff's § 1983 claims is unwarranted.

**C. State Law Claims (Counts IV-VI)**

Henriquez also challenges the plausibility of Abubardar's state law claims and asserts that common law immunity applies to shield him from liability.

**1. Plausibility**

Abubardar asserts three state law claims in the FAC for false arrest, malicious prosecution and intentional infliction of emotional distress.

Under Massachusetts law, false arrest consists of

> (1) intentional and (2) unjustified (3) confinement of a
> person, (4) directly or indirectly (5) of which the person
> confined is conscious or is harmed by such confinement.

Viglas, 2020 U.S. Dist. LEXIS 67323, at *28.  Although probable

cause is not an element of false arrest, it is required for the

arrest to be lawful. See Fenton, 891 F.2d at 383 ("[A]t the

foundation of all the claims [including false arrest] is the

necessity that the arrest be supported by probable cause.").

Here, Abubardar alleges that Henriquez intentionally and

directly caused his arrest without probable cause and that the

arrest caused him physical and emotional distress.  Such

allegations are clearly sufficient to state such a claim.

The elements of a state law claim for malicious prosecution

are identical to those of its federal analogue except that the

state claim requires that the plaintiff suffer damage and that

the defendant acted maliciously or for an improper purpose. See

Viglas, 2020 U.S. Dist. LEXIS 67323, at *29.  As noted above,

Abubardar has stated a federal claim for malicious prosecution

and has alleged that Henriquez acted maliciously and caused him

physical and emotional injury.  Accordingly, plaintiff's

parallel state law claim is plausible.

Finally, in order to state a claim for intentional

infliction of emotional distress plaintiff must allege that the

defendant engaged in extreme and outrageous conduct without
privilege thereby causing plaintiff severe emotional distress.
<u>Limone</u> v. <u>United States</u>, 579 F.3d 79, 91 (1st Cir. 2009).
Conduct is extreme and outrageous only if it is

> beyond all bounds of decency and . . . utterly intolerable
> in a civilized community.

<u>Sena</u> v. <u>Commonwealth</u>, 417 Mass. 250, 263 (1994).

Here, the factual allegations in the FAC state a claim for
intentional infliction of emotional distress.  Abubardar asserts
in the FAC that Henriquez's actions caused him to suffer severe
emotional distress in the form of trauma, shock, anxiety,
humiliation, embarrassment and fear.  His allegations that
Henriquez failed to investigate the secondary address prior to
seeking a criminal complaint permit a reasonable inference of
reckless or outrageous conduct.

As a result, the FAC will not be dismissed for failure to
state plausible claims under Massachusetts law.

### 2. Common Law Immunity

Under Massachusetts common law, a public official is not
liable for negligence or other error in the making of a
discretionary decision if the official acted in good faith and
without malice or corruption. <u>Echavarria</u> v. <u>Roach</u>, No. 16-cv-
11118, 2017 U.S. Dist. LEXIS 144589, at *43 (D. Mass. Sept. 7,

2017).  Conversely, such immunity is not available where a plaintiff alleges that the defendant acted with malice or corruption.  <u>Id.</u>

As with qualified immunity, the Court cannot conclude that Henriquez is entitled to common law immunity from plaintiff's state law claims.  Accepting the allegations in the FAC as true, Abubardar clearly alleges that Henriquez acted maliciously and that his conduct "either designed or reasonably anticipated to harm" plaintiff.

Accordingly, dismissal of plaintiff's state law claims is inappropriate at this stage.

**ORDER**

For the foregoing reasons, defendants' motion to dismiss (Docket No. 9) is, with respect to all counts against William Gross, **ALLOWED**, but otherwise, **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated June 7, 2021